UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN VILLALI,<br><br>           Plaintiff,<br><br>     v.<br><br>CHEP SERVICES, LLC,<br><br>           Defendant. | Case No. 1:20-cv-01537-JLT-CDB<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY AND FAILURE TO PROSECUTE**<br><br>**TEN-DAY DEADLINE** |

Pending before the Court is the matter of counsel for Plaintiff's protracted period of unavailability due to hospitalization and non-appearance either personally or through a representative at yesterday's mandatory scheduling conference.

On October 28, 2022, the Court set a scheduling conference in this matter for November 30, 2022. (Doc. 25). On November 16, 2022, the parties filed a stipulation for order to continue the scheduling conference based on the parties' representation that Plaintiff's counsel was hospitalized, and therefore was unable to meet and confer in preparation for the scheduling conference. (Doc. 26). Based on good cause shown, the Court continued the scheduling conference to January 5, 2023 (Doc. 27).

Since the parties' first report to the Court of counsel for Plaintiff's availability (November 16, 2022), the parties have requested two additional continuances of the scheduling conference due to counsel's hospitalization, both of which were granted. (Docs. 28-31). A third continuance

was ordered when the parties failed to timely file the required joint scheduling report in advance of the most recently delayed scheduling conference. (Doc. 32).

On April 28, 2023, Defendant's counsel filed a scheduling report in which he represented he again had been unable to meet and confer with Plaintiff's counsel in advance of a scheduling conference set for May 8, 2023, due to counsel's continued hospitalization. (Doc. 33). On May 4, 2023, Plaintiff filed a document entitled "Certificate of Inability to Respond" that, although unclear, appears to be signed by counsel for Plaintiff or an authorized representative. (Doc. 34). Plaintiff represented that his attorney continues to be hospitalized and was unable to attend the scheduling conference, and that Plaintiff is in the process of searching for a new attorney. (*Id.*).

The Court convened for the mandatory scheduling conference on May 8, 2023, and as Plaintiff reported, his attorney did not appear. (Doc. 36). At the conference, counsel for Defendant represented that during a recent communication with staff affiliated with counsel for Plaintiff, he was given contact information for an attorney who reportedly had sought or was planning to seek substitution. However, when contacted, that attorney disclaimed he was intending to substitute as Plaintiff's counsel.

While the Court is sympathetic to counsel for Plaintiff's hospitalization and inability to properly represent Plaintiff in this case, it separately is concerned that counsel has violated a court order to appear for scheduling conference and has been effectively unavailable for the past six months to prosecute this action. As a result, this case has stalled and counsel for Plaintiff has not offered to the Court any satisfactory alternatives to diligently prosecute the action. It is not clear to the Court whether counsel for Plaintiff's conduct is consistent with Rule 1.3 of the California Rules of Professional Conduct to the extent that rule prohibits counsel from exhibiting "neglect or disregard" or "unduly delay a legal matter entrusted" to him.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

2000).

Accordingly, IT IS HEREBY ORDERED that within ten (10) days of entry of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for failure to obey a court order and failure to prosecute. In the alternative, Plaintiff may satisfy this order with the timely filing of a completed and informed substitution of counsel.

Failure to respond to this Order to Show Cause may result a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated: **May 9, 2023**

UNITED STATES MAGISTRATE JUDGE